IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA J. MATASSARIN

    Plaintiff,

v.                                                                                   Case No. 14-cv-358 SCY/RHS

DENIS GROSVENOR, *et al.*

    Defendants.

## ORDER

    This case addresses whether a group of Northerners and Southerners constitute a legally founded Union, jointly contributing to its financial welfare and sharing all common ground within the Union's boundaries.  Or, are the groups two legally separate entities, sharing a common border but otherwise distinct with regard to governance and territory.  Plaintiff, part owner of a condominium located on the Northern division, makes the latter argument.  She posits in her Complaint that the Northern division was separately constituted and that union with the Southern division would decimate Northern property values.  Defendants, who developed or otherwise have a financial interest in the Southern division, acknowledge that the Northern division preceded the Southern, but contend that, by the time Plaintiff obtained her Northern property, a union between the North and South had already been contemplated and expressly reserved for in legal documents.

    Defendants have filed a Motion to Dismiss, or in the alternative to Stay, and Request for Judicial Notice.  *Doc. 9*.  The Court agrees with Defendants' assertion that this lawsuit cannot be resolved without significantly affecting the property interests of others not part of the present lawsuit.  Further, because one or more of the indispensible parties aligned with Defendants have

New Mexico citizenship, diversity of citizenship would be destroyed through the joinder of the indispensible party or parties.  Therefore, Defendants' Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

Plaintiff Patricia Matassarin brings this action for declaratory judgment, to quiet title, and for slander and fraud against the named Defendants with regard to the Deseo Condominiums located at 209 Los Pandos Street in Taos, New Mexico.  *See generally doc. 1*.  The Condominium development is a former apartment complex developed by Defendant Denis Grosvenor, the managing member of Defendant Deseo LLC and the managing partner of Grosvenor House LLC and Paradisio Taos, LLC – entities that, at some point, owned some of the condominiums at issue.  *Id.* ¶¶ 3, 7, 8, 21.  Defendant Richard DeStefano is an attorney who rendered legal services for Deseo LLC during the relevant time period and who served as member of the board of the Paradisio Condominium association. *Id.* ¶¶ 4, 24-28, 32.  Defendant Bob Bresnehan owns a unit in the complex at issue and serves in a leadership role of one of the associations of condominiums. *Id.* ¶ 43.

The complex at issue consists of fourteen buildings, numbered 1-12 and 14-15 (no building is numbered 13).  *Id.* ¶ 7.  In the initial Condominium declaration for this complex, only Buildings 1, 2, 10-12, 14, and 15 were included in the proposed complex, with each building housing two units.  *Id.*  Buildings 3-9 were reserved in the declaration for later development.  *Id.* ¶ 9.

The declaration was subsequently amended twice on April 29, 2008.  *Id.* ¶¶ 15, 18.  The first amendment withdrew Buildings 1 and 2 from the Condominium complex.  The second amendment both withdrew Units 1-7 and released Deseo LLC's right to develop them.  *Id.* ¶¶ 15,

17-18.[1] Defendant Grosvenor reserved his right, however, to develop Units 8 and 9. *Id.* ¶ 18. According to the second amendment, this meant that ten units remained in the Deseo Condominium, two units in each of Buildings 10-12, 14, and 15. *Id.* ¶ 18. On the same day, Defendant Grosvenor conveyed Buildings 1 and 2 to Grosvenor House LLC, and Buildings 3-7 to Paradisio Taos, LLC. *Id.* ¶¶ 19-20. Also on the same day, Deseo LLC, Grosvenor House LLC, and Paradisio Taos LLC entered into an agreement which stated in relevant part that Paradisio Taos LLC granted Deseo LLC exclusive perpetual easements to the carports associated with Units 8A and 9A. *Id.* ¶ 21.[2]

On December 12, 2008, Defendant Grosvenor, on behalf of Paradisio Taos LLC, filed a Condominium declaration to create Paradisio Condominiums, beginning with Building 7 and reserving the right to develop buildings 3-6. *Id.* ¶ 22. On the same day, Defendant Grosvenor's brother filed articles of incorporation for the Paradisio Condominium Association. *Id.* ¶¶ 23, 31.

On April 16, 2010, Defendant Grosvenor filed a fourth amendment to the Deseo Condominium Declaration, purporting to include Buildings 6-8 in the Deseo Condominum. *Id.* ¶¶ 29-30. Plaintiff asserts this amendment was illegitimate. *Id.* ¶ 30. On October 4, 2010, Defendant Grosvenor executed an agreement that apparently negated both his withdrawal of Buildings 3-7 from the Deseo Condominiums and the release of his development rights of the same buildings. *Id.* ¶¶ 32-32(a). This same agreement apparently took one carport away from Unit 8A. *Id.* ¶ 32(a). Plaintiff asserts that this agreement, publically recorded on October 22, 2010, is invalid. *Id.* On October 21, 2010, Plaintiff's husband George Matassarin purchased

---

[1] It is unclear to the Court why both the First and Second Amendments withdrew buildings 1 and 2 from the Deseo Condominum complex.

[2] Plaintiff does not explain whether buildings 8 and 9 were also conveyed at this time. However, the document quoted by Plaintiff in the Complaint appears to imply that Units 8 and 9 were conveyed to Paradisio but that Grosvenor retained the ability to develop these buildings. *Doc. 1* at 21.

Unit 8A from Deseo LLC. *Id.* ¶ 36.   Plaintiff owns at least one half of Unit 8A, having acquired that interest from her husband via quitclaim deed in November 2010. *Id.*

Plaintiff alleges that the October 4, 2010 agreement constitutes a fraudulent deprivation of her interest in the property consisting of the second carport she claims is supposed to accompany Unit 8A.  *Id.* ¶ 32.[3]  She further alleges that when Buildings 3-7 (the Southern units) were developed, the construction was of a lower quality than the original Deseo Condominiums. *Id.* ¶ 33.  Despite these Southern Units being sold at a lower price than the original Deseo Condominiums, the Southern owners were given access to the common area of the "legitimate" Deseo Condominiums.  *Id.* ¶¶ 3, 33, 39.  Plaintiff contends that the substandard development of the Southern units, combined with the network of amendments and agreements pertaining to them, has significantly diminished the value of the "legitimate" Deseo Condominiums -- in her case by approximately $80,000, exclusive of the loss of the second carport, which she values between $75,000 and $130,000.  *Id.* ¶¶ 33, 41, 54.

In addition to the devaluation of her Unit Plaintiff also asserts losses relating to Defendant Grosvenor's misappropriation of approximately $17,000 from the Deseo Condominium owners in his capacity as President of the Deseo Association from 2006-2012 in order to fund the development of Buildings 3-7.  *Id.* ¶ 40. She further contends that she provided legal services to the Deseo Association, for which she has not been compensated, in the amount of over $40,000.  *Id.* ¶ 41.   And she states that Defendants Grosvenor and Bob Bresnehan (the owner of Unit 6B and head of the Paradisio Condominium association) have unlawfully harassed and intimidated her in an attempt to force her to consent to the inclusion of Buildings 3-7 in the Deseo Condominium complex. *Id.* ¶ 43.

---

[3] On June 11, 2011, Plaintiff states that Deseo LLC conveyed Unit 8A's existing carport, although she does not specify to whom.  *Id.* ¶ 35.

Defendants move this Court to dismiss Plaintiff's action for lack of subject matter jurisdiction or, in the alternative, to stay this matter pending the outcome of *Deseo LLC, et al. v. George L. Matassarin, et al*, Cause No. D-820-cv-2014-00143, filed in the Eighth Judicial District of New Mexico, and/or *George Matassarin v. Denis Grosvenor et al*., No. 14-50148, currently pending in the United States Court of Appeals for the Fifth Circuit. *See generally doc. 9.*[4]

## II.   STANDARD OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) states that a party may present the defense of lack of subject matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). When bringing a motion under this Rule, a party may present either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). If the motion is brought as a facial one, the Court must, as in the case of a motion brought under Rule 12(b)(6), treat the plaintiff's allegations as true. *Id.* Dismissal under a Rule 12(b)(1) does not speak to the merits of the plaintiff's action, only the Court's power to adjudicate the dispute. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The existence of subject matter jurisdiction on a Rule 12(b)(1) motion "must be determined from the allegations of fact in the complaint, without regard to mere

---

[4] The Court may, and will, take judicial notice of these actions. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

[conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

### B. Federal Rule of Civil Procedure 12(b)(7)

Under Federal Rule of Civil Procedure 12(b)(7), the Court may dismiss an action where a necessary and indispensible party has not been joined. The Court exercises discretion in deciding a Rule 12(b)(7) motion. *See Citizen Band Potawatomi Indian Tribe of Okla. v. Collier,* 17 F.3d 1292, 1293 (10th Cir. 1994) (citing *Navajo Tribe of Indians v. New Mexico*, 809 F.2d 1455, 1471 (10th Cir. 1987)). Defendants bear the burden of showing that the absent party claims a non-frivolous interest that will be impaired if it is not joined. *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band*, 17 F.3d at 1293.

### III. ANALYSIS

While Defendants never explicitly state which Federal Rule of Civil Procedure provides the basis for their motion to dismiss, they raise subject matter jurisdiction (which is a Rule 12(b)(1) motion),[5] argue that Plaintiff has failed to state a claim on which relief can be granted (which is a Rule 12(b)(6) motion), and that Plaintiff has failed to join necessary and indispensible parties (which is a Rule 12(b)(7) motion). The Court must consider Defendants' subject matter jurisdiction argument first. *See Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D. Kan. 1996) (*citing Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.

---

[5] While both the Complaint and Defendants' Motion attach several exhibits, none of these exhibits go to the issue of the Court's subject matter jurisdiction. The Court will therefore treat Defendants' 12(b)(1) motion as a facial motion. As a result, the attached documents are irrelevant and the Court does not consider them in reaching its decision.

1990)) ("When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.").

The Court will first address whether subject matter jurisdiction exists as the case is currently pled.  The Court will then address whether indispensible parties exist and, if so, whether their addition to the lawsuit would destroy subject matter jurisdiction.  Ultimately, the Court concludes that, while the Court has subject matter jurisdiction as the case is currently pled, the nature of the allegations necessitate the inclusion of indispensible parties.  Because one or more of these indispensible parties is a resident of New Mexico and has a claim aligned with Plaintiff's claim, the Court is divested of subject matter jurisdiction and Plaintiff's complaint must be dismissed.

### A.    Subject Matter Jurisdiction as Case Currently Pled

Defendants seek dismissal of the complaint for lack of subject matter jurisdiction, arguing that Plaintiff has failed to satisfy both the elements of complete diversity and of the amount in controversy.[6]  A federal court will have subject matter jurisdiction based on diversity where: (i) there is complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.' " 28 U.S.C. § 1332(a)(1).

Defendants first attack subject matter jurisdiction by arguing that Plaintiff is not suing as an individual and resident of Texas, as stated in the Complaint. *Doc. 1* ¶ 1, *doc. 9* at 8.  Instead, they argue that Plaintiff is actually a New Mexico resident and that she is suing in a representative capacity for two entities that include New Mexico citizens: the Deseo Association and the owners of Buildings 8-15.  Thus, they argue, diversity is destroyed. *Id.*  In response,

---

[6] Neither party asserts that this action presents a federal question, the other basis on which this Court may assume jurisdiction over this action.  *See* 28 U.S.C. § 1331.

Plaintiff repeatedly asserts that she is a resident of Texas, and in fact was served with process for the state court action at her home in Canyon Lake, Texas. *Doc. 1* at 1, *doc. 15* at 2.  Because Plaintiff stated she is a Texas resident in the Complaint, and the Court must accept this assertion as true, Defendants' argument that Plaintiff is a citizen of New Mexico fails.

Defendants' assertion that Plaintiff is, in fact, acting as a representative is also unavailing. Plaintiff clearly makes claims related to her individual interest, namely the legal services she provided, the loss of value of Unit 8A, the loss of the use of one carport associated with Unit 8A, misappropriation of funds to which she presumably contributed as a member of the Deseo Association, and harassment against herself individually.  Nor has Plaintiff filed any motion that would indicate that she intends to act as a representative of any class of owners of the properties at issue.  The fact that the Complaint also references losses suffered by other owners of related properties does not transform Plaintiff's claims into more global claims on their behalves. Notably, Defendants cite no law on which to base their position that Plaintiff should be treated by this Court as a representative Plaintiff.

With regard to damages, they assert that because Plaintiff sets forth her damages as a "conclusory estimate" and "bad faith reckoning", she cannot demonstrate that that amount in controversy exceeds $75,000.  *Id.* at 10.  In the alternative, they contend that because the damages that could be asserted against each individual defendant do not exceed $75,000, Plaintiff cannot demonstrate a sufficient amount in controversy.  *Id.* at 10-11.  However, the amount-in-controversy requirement is simply an "estimate of the amount that will be put at issue in the course of the litigation." *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F.Supp.2d 1143, 1163 (D.N.M. 2012).  Further, for the purposes of establishing subject matter jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint. . . ."

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).   "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."  *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)(citation and quotation omitted).  Jurisdiction is only defeated if the Court can say for a legal certainty Plaintiff could not recover the amount of damages alleged.  *Weinberger v. Wiesenfeld*, 420 U.S. 636, 642 n.10 (1975); *see also Jones v. Landry,* 387 F.2d 102, 104 (5th Cir. 1967)("Thus, there is but one test: good faith and legal certainty are equivalents rather than two separate tests.")

   Here, Plaintiff makes two claims in the Complaint for which the damages exceed $75,000: $80,000 in the diminution of value of Unit 8A and either $75,000 or $130,000 for the deprivation of the second carport for Unit 8A.  *Doc. 1* ¶¶ 41, 53-54.  Further, the Complaint sets forth an ample factual basis on which she may premise these damages, including the substandard construction of other Units marketed under the Deseo Condominium name, the potential clouds on title created by agreements between Paradisio LLC, Grosvenor House LLC, and Deseo LLC, the lower tax assessment of Unit 8A over the course of three years, and questionable legitimacy of the agreement limiting Unit 8A to one parking spot.  The total of these amounts demonstrably meet or exceed $75,000, and the Court cannot say for a legal certainty that Plaintiff is not entitled to recover on her claims.  There is no requirement under 28 U.S.C. Section 1332 that the amount in controversy must be per defendant, nor do Defendants cite any authority for that position.  In addition, Defendants fail to counter Plaintiff's allegedly conclusory and/or fraudulent damages calculations with anything other than their own allegations that the totals

should fall below $75,000. Defendants' argument that Plaintiff has not satisfied diversity jurisdiction fails.

### B. Plaintiff Has Failed to Join Indispensible Parties

Defendants further argue that dismissal is required under Federal Rule of Civil Procedure 19 (and therefore, although Defendants do not explicitly state it, Rule 12(b)(7)) because Plaintiff has failed to join both all the Unit owners of the complex and all the lenders relating to all the Units at issue. They argue that since the relief sought fundamentally alters the nature of the property interests at issue by excluding certain Units from the Deseo Condominiums and otherwise altering amendments to the governing declaration, every property owner and party with a financial interest in the property at issue is necessarily an indispensible party. *Doc. 9* at 12.

As evidence for their Motion, Defendants request that this Court take judicial notice of the filings in the pending state court action, *Deseo LLC, et al. v. George L. Matassarin, et al*, Cause No. D-820-cv-2014-00143. As is relevant for the purposes of 12(b)(7), in the state court action Defendants Carl and Debra Kother and Patrick Kimbro affirm that they are owners of Northern Units and residents of New Mexico (collectively, the "State Court Defendants"). *Doc. 22* at Ex. 5 at 4, 9, Ex. 9 at 4, 9. Further, each of these State Court Defendants has counter-sued the plaintiffs in that case (which include the Defendants in this case) seeking a declaration that the Southern Units are not part of the Deseo Condominium complex. *Id.* Ex. 5 at 23, Ex. 9 at 23.

The determination of indispensability of a party under Rule 19 is necessarily a two part inquiry. *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). Under Rule 19(a) a party is necessary if:

> "(1) in its absence complete relief cannot be accorded among the existing parties; or (2) that party claims an interest relating to the subject of the action and is so

> situated that the disposition of the action in its absence may (i) as a practical matter impair or impede that party's ability to protect that interest or (ii) leave the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest."

FED. R. CIV. P. 19(a). Indispensability is determined by looking to several factors: whether a judgment would be prejudicial to the absent party or to the parties present, whether the court can fashion relief to reduce or avoid prejudice, whether the court can render an adequate judgment in the absence of this party and whether the plaintiff will have an adequate remedy if the action is dismissed. FED. R. CIV. P. 19(b). These factors are not exhaustive, but merely indicate some of the most significant considerations for this Court. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1289 (10th Cir. 2003); *Niles-Bement-Pond Company v. Iron Moulders Union Local No. 68*, 254 U.S. 77, 80 (1920) ("There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not[. ]").

The Court finds that under Rule 19(a), the Unit owners are necessary parties that would be joined. Plaintiff seeks, as one of her forms of relief, declaratory judgment that "Deseo Condominium is complete with buildings 8, 9, 10, 11, 12, 14 and 15" as well as the common areas "usually and customarily associated with Deseo Condominium" and with the perpetual easements referenced in the second amendment to the declaration as if that second amendment were never superseded by the subsequent amendments. She also seeks a declaration that the second carport be returned to Unit 8A, a carport which is now allegedly in the possession of Unit 6A. ¶¶ 47-48. The disposition of this action in the absence of all the Unit owners of Buildings 1-15 would substantially impair and/or impede their ability to protect their property interests. Further, as Plaintiff and Defendants agree, the existence of multiple litigations is not just a threat, but a realized fact that, if this case were adjudicated, could easily give rise to inconsistent obligations if, for example, declaratory relief in this case produced an inconsistent result with the

existing state court action to quiet title.  Finally, with regard to the Unit owners of Buildings 8-15 (the so-called "legitimate" Deseo Condominium buildings), it is clear from the existing state court action that they would be joined as plaintiffs because their interests align with those of Plaintiff in protecting the quality and exclusivity of their Units and common area, protecting the entitlement to the number of carports per Unit, and seeking redress for misappropriated funds from the Deseo Association.  *See Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006)(explaining that in determining whether a necessary party would be a plaintiff or a defendant, the court looks to "the nature of the controversy."); *Farmers Alliance Mutual Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978)("In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests.").

      The Unit owners are also indispensible.  First, as the Tenth Circuit noted in *Davis ex rel. Davis*, "the prejudice inquiry under Rule 19(b) is essentially the same as the inquiry under Rule 19(a)(2)(i) into whether continuing the action without a person will, as a practical matter, impair that person's ability to protect his interest." *Davis ex rel.,* 343 F.3d at 1291 (citation and quotation omitted).  A declaratory judgment here about which Units are part of the Deseo complex, and which Units are entitled to use the common area, would have a potentially extremely prejudicial effect on the absent Unit owners, as the decision could constitute a significant alteration to their property rights.  Further, it does not appear that this Court can fashion relief for Plaintiff without adjudicating, for example, the propriety of the amendments to the original Deseo Condiminium declaration, such adjudication necessarily affecting not just Plaintiff, but all other Unit owners.  For the same reason, this Court cannot render an adequate judgment in the absence of these parties.  In considering adequacy, the Court must look to whether it could fashion a remedy that would provide a complete resolution to the dispute.  *Id.* at

1293 (citing *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)). For the reasons discussed above, the dispute cannot be wholly resolved without including the other Unit owners.  Finally, in light of the pending state court quiet title action, relief is obviously available to Plaintiff through means other than adjudication by this Court.  Dismissal is therefore appropriate under Rule 12(b)(7) because the joinder of Unit owners as indispensible would destroy diversity jurisdiction.[7]  *Rishell v. Jane Phillips Episcopal Memorial Medical Center,* 94 F.3d 1407, 1411 (10th Cir. 1996)(explaining that where a party is necessary and cannot be joined, and is also indispensible, the court must dismiss the action); *see also General Refractories Co. v. First State Ins. Co.,* 500 F.3d 306, 319 (3rd Cir. 2007)("[A] finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction.").

IV.  **CONCLUSION**

For the forgoing reasons, the Court dismisses Plaintiff's Complaint WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(7).

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

---

[7] Because the Court finds that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(7), it will not consider Defendants' arguments with regard to Plaintiff's failure to state a claim on which relief can be granted, the state court's exclusive subject matter jurisdiction, abstention, or that her claims are barred by state law.  *See doc. 9* at 4-7, 16-17, 19-21.